| | | |
|---|---|---|
| 1 | **WO** | RP |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Timothy Paul Olmos, ) No. CV-11-344-PHX-GMS (MEA)
)
    Petitioner, ) **ORDER**
)
vs. )
)
Charles L. Ryan, et al., )
)
    Respondents. )
)

Pending before this Court are Petitioner's "Motion To Reconsider Denial Of Petitioner's Motion To Stay And Abey Proceedings" (Doc. 7) and "Motion To Rule On Filed Pleadings And To Correct Court Record" (Doc. 11).

**I.    Procedural Background**

On February 22, 2011, Petitioner Timothy Paul Olmos, who is confined in the Arizona State Prison Complex-Florence, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), an Application to Proceed *In Forma Pauperis* (Doc. 2), and a "Motion To Stay And Abey 28 U.S.C. § 2254 Proceedings" (Doc. 3).

By Order filed April 20, 2011 (Doc. 5), the Court granted Petitioner's Application to Proceed *In Forma Pauperis*, denied Petitioner's "Motion To Stay And Abey 28 U.S.C. § 2254 Proceedings," dismissed the Petition and this action without prejudice, and declined to issue a certificate of appealability in the event Petitioner filed an appeal. Judgment was

- 1 -

entered on April 20, 2011 (Doc. 6).

On May 2, 2011, Petitioner filed his "Motion To Reconsider Denial Of Petitioner's Motion To Stay And Abey Proceedings" (Doc. 7) and a pleading entitled "Motion For Certificate Of Appealability In District Court" (Doc. 8), which the Clerk of Court treated as a Notice of Appeal. On May 11, 2011, Petitioner filed his "Motion To Rule On Filed Pleadings And To Correct Court Record" (Doc. 11).

**II.     Motion to Reconsider**

In his "Motion To Reconsider Denial Of Petitioner's Motion To Stay And Abey Proceedings" (Doc. 7), Petitioner asks the Court to reconsider its decision by reinstating his Petition (Doc. 1) and granting his "Motion To Stay And Abey 28 U.S.C. § 2254 Proceedings" (Doc. 3). In the present case, where Petitioner submitted his Motion to Reconsider after entry of judgment, the only appropriate procedural devices are: (1) a motion to alter or amend judgment pursuant to Rule 59(e), Federal Rules of Civil Procedure; or (2) a motion for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure.

Because Petitioner's Motion to Reconsider calls into question the correctness of the underlying judgment, it is in reality a Rule 59(e) motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and the Court will construe it as such. Fischer v. United States Department of Justice, 759 F.2d 461, 464 (5th Cir. 1985). See also Munden v. Ultra Alaska Associates, 849 F.2d 383, 387 (9th Cir. 1988); Sea Ranch Association v. California Coastal Zone Conservation Comm'n, 537 F.2d 1058, 1061 (9th Cir. 1978); 9 J. Moore, Moore's Federal Practice ¶ 204.12[1] (1985) ("Any motion that draws into question the correctness of the judgment is functionally a motion under Civil Rule 59(e), whatever its label.").

In his Motion to Reconsider, Petitioner argues in part that the Court should not have dismissed the Petition and denied his Motion to Stay and Abey because he "is reasonably confused about whether or not his successive Rule 32 petitions will ultimately by ruled timely filed or not." Although Petitioner did not make this assertion in his Motion to Stay

and Abey, he did allege that he was filing a "'protective' petition" as provided for in Pace v. DiGuglielmo, 125 S. Ct. 1807 (2005).

In the interests of justice, and because Petitioner's claims may now be time barred, the Court will grant in part Petitioner's Motion to Reconsider by vacating its Order (Doc. 5) to the extent that it denied Petitioner's "Motion To Stay And Abey 28 U.S.C. § 2254 Proceedings" (Doc. 3), dismissed the Petition (Doc. 1) and this action without prejudice, and declined to issue a certificate of appealability in the event Petitioner filed an appeal. The Court will also vacate the Judgment entered on April 20, 2011 (Doc. 6), direct the Clerk of Court to serve the Petition and Motion to Stay and Abey on the Respondents, direct the Respondents not to answer the Petition at this time, and require the Respondents to respond to Petitioner's Motion to Stay and Abey. The Motion to Reconsider will be denied as to all other relief requested.

### III. Motion to Rule

In his "Motion To Rule On Filed Pleadings And To Correct Court Record" (Doc. 11), Petitioner moves this Court to rule on his "Motion To Reconsider Denial Of Petitioner's Motion To Stay And Abey Proceedings" (Doc. 7) and "Motion For Certificate Of Appealability In District Court" (Doc. 8), and to order the Clerk of Court to retract its transmittal of the record to the Ninth Circuit Court of Appeals. Plaintiff's Motion to Rule will be granted in part to the extent that this Order rules on Petitioner's Motion to Reconsider and denied in part as to all other relief requested.

### IV. Warnings

#### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.     Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Petitioner's "Motion To Reconsider Denial Of Petitioner's Motion To Stay And Abey Proceedings" (Doc. 7), which the Court **construes** as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is **granted in part** to the extent that the Court's Order (Doc. 5) is **vacated** in so far as it denied Petitioner's "Motion To Stay And Abey 28 U.S.C. § 2254 Proceedings" (Doc. 3), dismissed the Petition (Doc. 1) and this action without prejudice, and declined to issue a certificate of appealability in the event Petitioner filed an appeal. The Judgment entered on April 20, 2011 (Doc. 6 ) is also **vacated**. Petitioner's "Motion To Reconsider Denial Of Petitioner's Motion To Stay And Abey Proceedings" (Doc. 7) is **denied in part** as to all other relief requested.

(2)     Petitioner's "Motion To Rule On Filed Pleadings And To Correct Court Record" (Doc. 11) is **granted in part** to the extent that this Order rules on Petitioner's "Motion To Reconsider Denial Of Petitioner's Motion To Stay And Abey Proceedings" (Doc. 7) and **denied in part** as to all other relief requested.

(3)     The Clerk of Court **must serve** a copy of the Petition (Doc. 1), "Motion To Stay And Abey 28 U.S.C. § 2254 Proceedings" (Doc. 3), and this Order on the Respondent

and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(4) Respondents **must file a response** to the "Motion To Stay And Abey 28 U.S.C. § 2254 Proceedings" (Doc. 3) **within 40 days** of the date of service.

(5) Petitioner **may file** a reply to the response to the "Motion To Stay And Abey 28 U.S.C. § 2254 Proceedings" (Doc. 3) within **30 days** from the date of service of the response.

(6) Respondents **must not** answer the Petition until directed to do so by the Court.

(7) This matter, including the Petition (Doc. 1) and the "Motion To Stay And Abey 28 U.S.C. § 2254 Proceedings" (Doc. 3), is **referred** to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 10th day of August, 2011.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge