IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Paul Olmos,<br><br>            Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>           Respondents. | No. CV-2011-00344-PHX-GMS (BSB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on referral from the Honorable G. Murray Snow for a Report and Recommendation on the part of Claim Thirteen of the Petition for Habeas Corpus in which Petitioner asserts that the registration requirement of the federal Sex Offender Registration and Notification Act (SORNA or the Act) violates his First Amendment rights. (Doc. 78.) In accordance with the Court's Order, the parties have filed supplemental briefing on this claim. (Docs. 79, 80, 85, 86.) As set forth below, the Court recommends that Petitioner's request for habeas corpus relief asserted in Claim Thirteen be denied because his First Amendment challenge to SORNA is not cognizable under 28 U.S.C. § 2254.

**I.    Background**

Following a jury trial in February 2005, Petitioner was convicted in the Maricopa County Superior Court of one count of child molestation and one count of sexual abuse.[1] (Doc. 40, Ex. A.) The trial court imposed a mitigated fifteen-year prison sentence, placed

---

[1] Because the Court's June 24, 2013 Order includes a detailed discussion of the underlying criminal proceedings and the procedural history of this matter (Doc. 78), the Court includes only a limited discussion of the underlying criminal matter.

Petitioner on lifetime probation, and, as a condition of that probation, required Petitioner to register as a sex offender "if required by law." (Doc. 40, Exs. E, F.) In Claim Thirteen of his habeas corpus petition, Petitioner challenges the provision of his probation that requires him to register as a sex offender. Specifically, he contends that SORNA's requirement that he register his online identifiers violates the First Amendment protection of anonymous online speech. (Doc. 80.)

In his supplemental memorandum, Petitioner argues the merits of his SORNA claim. (Doc. 80.) Respondents assert that the Court should dismiss this claim for lack of jurisdiction (Doc. 85 at 3-4), and alternatively argue that Petitioner's claim fails on the merits because SORNA's registration requirements do not violate the First Amendment. (*Id.* at 8-14.) In his reply, Petitioner argues that because the Court's June 24, 2013 Order reviewed the Petition and directed further consideration of Petitioner's "federal constitutional claim against SORNA's requirement for online registration," the Court has already determined that it has jurisdiction to consider Petitioner's constitutional claim. (Doc. 86 at 2 (citing Doc. 78 at 34).) Petitioner also asserts that it is too late for Respondents to argue that Petitioner's challenge to SORNA is not cognizable on § 2254 review because they did not file a timely motion for reconsideration of the Court's June 24, 2013 Order.[2] (Doc. 86 at 1-2.)

In its June 24, 2013 Order, the Court found that Petitioner "was not required to exhaust in state court his federal constitutional claim against SORNA's requirement for online registration." (Doc. 78 at 34.) Therefore, the Court found that failure to exhaust this claim in state court did not preclude this Court's consideration of the claim. (*Id.*) Contrary to Petitioner's assertion, the Court did not determine that a federal constitutional challenge to SORNA's online registration requirement was properly brought in a § 2254

---

[2] Petitioner refers to the June 24, 2013 Order as a "screening order." Although the Court ordinarily screens a § 2254 petition to ensure that the petitioner has named a proper respondent, is in custody in connection with the conviction and sentence being challenged, has not previously filed a habeas action concerning the same conviction and sentence, and has alleged at least one claim for a violation of his federal constitutional or statutory rights, the record reflects that did not occur in this case. (*See* Docs. 13, 24, 29, 39.)

petition. The Court only found that Petitioner was not required to exhaust this claim in state court and therefore his claim was not procedurally barred.[3] (*Id.*)

Moreover, a federal court must consider its subject-matter jurisdiction at all stages of litigation. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (quoting *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir.1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."); *see also* Rule 12, Rules Governing § 2254 Cases (stating that the Federal Rules of Civil Procedure may be applied to a § 2254 proceeding); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Therefore, the Court first considers whether Petitioner's claim that SORNA's registration requirement violates the First Amendment is cognizable under § 2254. As discussed below, the Court finds that Petitioner's constitutional challenge to SORNA's online identifier registration requirement is not cognizable on § 2254 review and should be dismissed for lack of jurisdiction.

## II. SORNA's Registration Requirement

Congress enacted the Adam Walsh Child and Protection and Safety Act (the Walsh Act) in July 2006. Title I of the Walsh Act contains SORNA, 42 U.S.C. §§ 16901 – 16929, which was intended to create national standard for sex-offender registration programs. The stated purpose of SORNA is "to protect the public from sex offenders and offenders against children, and . . . respon[d] to vicious attacks by violent predators."

---

[3] The Court referred this matter for a Report and Recommendation considering "whether SORNA's requirement that sex offenders register all online identifiers applies to state convictions and violates the First Amendment." (Doc. 78 at 34.) In the order directing supplemental briefing, this Court directed the parties to "address[] [Petitioner's] claim in Claim Thirteen of the Petition for Writ of Habeas Corpus that SORNA's requirement that sex offenders register their online identifiers violates the First Amendment." (Doc. 79.) The parties apparently assumed that SORNA applies to state convictions and did not address this issue in their supplemental briefing. By its terms, as set forth in section II, SORNA's registration requirements apply to persons convicted of sex offenses under state law. *See* 42 U.S.C. § 16911(1)-(6); *see also United States v. Shoulder,* 2013 WL 5303242, at *2 (9th Cir. 2013) (explaining that SORNA's registration requirement requires all state and federal sex offenders to register in each jurisdiction where the offender resides, works, or goes to school).

- 3 -

42 U.S.C. § 16901. With this purpose in mind, Congress "establish[ed] a comprehensive national system for the registration of those offenders." *Id*.

SORNA grants the Attorney General the "authority to specify the applicability of the [registration] requirements . . . to sex offenders convicted before the enactment of [SORNA]." 42 U.S.C. § 16913(d). In 2007, the Attorney General clarified that SORNA's registration requirements apply to sex offenders (such as Petitioner) who were convicted before SORNA's enactment. *See* 42 U.S.C. § 16913(d) (authorizing the Attorney General to specify the applicability of SORNA's requirements to sex offenders convicted before SORNA's effective date); 28 C.F.R. § 72.3.

SORNA defines a "sex offender" as "an individual who was convicted of a sex offense" and classifies all sex offenders into three different categories. 42 U.S.C. § 16911(1)-(4). A "sex offense" is "a criminal offense that has an element involving a sexual act or sexual contact with another." *Id.* at § 16911(5)(A)(i). And a "'criminal offense' means a State, local, tribal, foreign, or military offense . . . or other criminal offense." *Id.* at § 16911(6).

Section 16915a of SORNA provides that "[t]he Attorney General, using the authority provided in [42 U.S.C. § 16914(a)(7)], shall require that each sex offender provide to the sex offender registry those Internet identifiers that the sex offender uses or will use of any type that the Attorney General determines to be appropriate under th[e] Act."[4] This section also clarifies that "[t]hese records of Internet identifiers shall be subject to the Privacy Act (5 U.S.C. § 552(a)), to the same extent as the other records in the National Sex Offender Registry." 42 U.S.C. § 16915a(a). "Internet identifiers" are defined as "electronic mail addresses and other designations used for self-identification or routing in Internet communication or posting." 42 U.S.C. § 16915a(e)(2).

In Claim Thirteen, Petitioner argues that SORNA's requirement that sex offenders register Internet identifiers violates the First Amendment.

---

[4] Section 16915a was enacted as part of the Keeping the Internet Devoid of Sexual Predators Act of 2008 (the KIDS Act). *See* 42 U.S.C. § 16915a historical and statutory notes.

- 4 -

### III. Scope of Habeas Corpus Review

Under § 2254 "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because the "in custody" requirement of section 2254(a) is jurisdictional, the Court must consider it first. *See Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) (the appellate court may not consider the merits of a habeas corpus claim unless the district court had jurisdiction over it) (citing *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir.1998)).

As set forth above, § 2254(a) uses the term "in custody" twice. First, the statute states that a habeas petition must be filed "in behalf of a person in custody." 28 U.S.C. § 2254(a). Second, the statute states that a habeas petition can only be considered "on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* The Ninth Circuit has explained that, "[a]lthough the [courts] generally speak of the 'in custody' requirement, it can be seen literally that this statutory requirement has two distinct aspects." *Bailey*, 599 F.3d at 978.

The first statutory use of "in custody" refers to "whether there is a sufficient liberty restraint to consider a person as being 'in custody.'" *Id.* at 979. "However, the second use of 'in custody' in the statute requires literally that the person applying for the writ is contending that he is 'in custody' in violation of the Constitution or other federal laws." *Id.* Here, Petitioner was in physical custody in state prison when he commenced his habeas petition challenging the SORNA portion of his sentence.[5] (Doc. 1.) However, because "physical custody alone is insufficient to confer jurisdiction," the Court must

---

[5] Although Petitioner's habeas petition included independent, custodial claims that the Court has already considered (Docs. 1, 78), "he may not bypass the habeas statute's 'in custody' requirement." *Virsnieks v. Smith*, 521 F.3d 707, 721 (7th Cir. 2008). "In other words, a court does not have 'pendent' jurisdiction over non-cognizable habeas claims." *Id.; see also United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002) (stating that "cognizable [habeas] claims in a § 2255 motion do not run interference for non-cognizable claims.").

determine whether the statute's second "in custody" requirement is met. *Bailey*, 599 F.3d at 980.

"Section 2254(a)'s language permitting a habeas petition to be entertained 'only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States,' explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." *Bailey*, 599 F.3d at 980; *see also Virsnieks,* 521 F.3d at 721 (stating that "the plain language of the statute . . . commands that courts entertain habeas petitions 'only' on the ground that a prisoner is 'in custody,' and, [links] a court's ability to entertain a habeas petition to the particular relief sought[.]"). The Ninth Circuit has explained that, "[g]iving the crucial phrase within § 2254(a) its ordinary, natural meaning, . . . to sustain [a] habeas challenge, [a petitioner] must show that his custody itself, or its conditions, offends federal law." *Bailey*, 599 F.3d at 980.

The Supreme Court has construed § 2254(a)'s "in custody" requirement and concluded that "its purpose is to permit petitions only when the remedy sought is capable of alleviating severe restraints on individual liberty." *Bailey*, 599 F.3d at 980 (citing *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973)). Habeas corpus is an "extraordinary remedy." *Hensley,* 411 U.S. at 351. Its use "has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." *Id*. Habeas corpus claims that do not "call into question the lawfulness of the conviction or confinement," or challenge the fact or duration of the petitioner's custody, or "seek immediate or speedier release," are not cognizable under § 2254. *See Heck v. Humphrey*, 512 U.S. 477, 481-83 (1994); *see also Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("habeas proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

The Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) (finding that

1    petitioner's challenge to the constitutionality of a disciplinary proceeding was properly
2    brought under § 1983 when it did not affect the length of his sentence). A civil rights
3    action pursuant to 42 U.S.C. § 1983 is the proper vehicle for a state prisoner to challenge
4    the conditions of his confinement. *See McCarthy v. Bronson*, 500 U.S. 136, 141-42
5    (1991) (internal citations omitted) (stating that § 1983 action is the proper remedy for a
6    state prisoner who is making a constitutional challenge to the conditions of his prison life,
7    but not to the fact or length of his custody); *see also* 42 U.S.C. § 1983 (stating that
8    "[e]very person who, under color of [state law], subjects, or causes to be subjected, any
9    citizen of the United States or other person within the jurisdiction thereof to the
10   deprivation of any rights, privileges, or immunities secured by the Constitution and laws,
11   shall be liable to the party injured . . . .").

12        Here, Petitioner's First Amendment challenge to SORNA's online registration
13   requirement lacks any nexus to his custody, as required by the text of § 2254(a).
14   Although Petitioner's convictions and custodial sentence have restrained his liberty, the
15   requirement that Petitioner comply with SORNA's online registration requirement does
16   not directly implicate his liberty. *See Bailey*, 599 F.3d at 981 (concluding that restitution
17   order lacked a nexus to petitioner's custody); *see also Leslie v. Randle,* 296 F.3d 518, 523
18   (6th Cir. 2002) (holding that, despite the fact that the petitioner was incarcerated at the
19   time of his petition, his challenge to the constitutionality of Ohio's sexual predator
20   statute's registration requirement was not cognizable on habeas corpus review).
21   Petitioner's constitutional challenge to SORNA's online registration requirement does
22   not challenge the legality or duration of his conviction, or his confinement in the Arizona
23   Department of Corrections. *See United States v. Shannon*, 2013 WL 141779, at *4 (6th
24   Cir. Jan. 14, 2103) (noting that SORNA "does not impose an 'affirmative disability or
25   restraint" on those required to register because it does not physically restrain[]" them or
26   "directly restrict their mobility, employment, or how they spend their time"); *see also*
27   *Virsnieks*, 521 F.3d at 718 (noting that "courts have rejected uniformly the argument that
28   a challenge to a sentence of registration under a [state] sexual offender statute is

cognizable in habeas" because such registration is not a significant restraint on the petitioner's "physical sense of liberty" and listing cases).

Petitioner challenges a condition of his probation based on a federal statute, arguing that it violates his First Amendment right to free speech. Even if Petitioner succeeded on his constitutional challenge to SORNA's online registration requirement, it would not invalidate his convictions or shorten his prison sentence. *See Umbarger v. Michigan*, 2013 WL 444024, at \*6 (W.D. Mich. Feb. 5, 2013) ("SORNA is more analogous to a collateral consequence of conviction than a severe restraint on liberty like parole"); s*ee also Bailey*, 599 F.3d at 981 (challenge to restitution order was not cognizable on § 2254 review because, even if successful, petitioner would still have to serve his custodial sentence in the same manner).

Thus, Petitioner's First Amendment challenge to SORNA's online registration requirement asserted in Claim Thirteen is not properly brought in a § 2254 petition and it should be dismissed for lack of jurisdiction. *See Virsnieks*, 521 F.3d at 722 (holding that petitioner's constitutional challenge brought under § 2254 to the non-custodial component of his sentence, that the petitioner register as a sex offender, did not create a cognizable claim). Petitioner can pursue this claim in a § 1983 action. *See Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (finding that challenge to retroactive application of state law requiring DNA sample from certain inmates convicted of sex offenses was not properly brought in a habeas corpus proceeding under § 2254 and that such claim was properly brought as a § 1983 action); *Holloway v. Giles*, 2013 WL 2067471, at \*2 n.3 (M.D. Ala. Apr. 22, 2013) (noting that petitioner should bring challenge to the constitutionality of the sex offender registration requirements in a § 1983 action).

**IV. Conclusion**

Because § 2254 does not confer jurisdiction over a habeas corpus claim raising a First Amendment challenge to SORNA's online registration requirements, the Court recommends the dismissal of that claim and does not reach its merits. *See Bailey*, 599

F.3d at 984 n.7 (declining to reach or decide the merits of habeas corpus petition because there was no habeas corpus jurisdiction).

Accordingly,

**IT IS RECOMMENDED** that Petitioner's First Amendment challenge to SORNA's online registration requirement asserted in Claim Thirteen of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal be denied because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. Rule 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

/ / /

/ / /

/ / /

/ / /

/ /

Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 22nd day of October, 2013.

_____
Bridget S. Bade
United States Magistrate Judge