WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Paul Olmos,<br><br>                Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                Respondents. | No. CV-11-00344-PHX-GMS<br><br>**ORDER** |

      Pending before this Court are a Report and Recommendation (R&R) issued by Magistrate Judge Bridget S. Bade regarding Claim Thirteen of Petitioner Timothy Paul Olmos's Petition for Habeas Corpus (Doc. 87) and Petitioner's Motion for Certificate of Appealability (Doc. 88). For the following reasons, the Court accepts the R&R, denies Petitioner's request for relief on Claim Thirteen, and denies Petitioner's Motion for a Certificate of Appealability.

## BACKGROUND

      Olmos was indicted on one count of child molestation, one count of sexual conduct with a minor, and one count of sexual abuse in Maricopa Superior Court on August 20, 2004. (Doc. 40-1, Ex. A.) Under each count, the State alleged that Olmos had committed a dangerous crime against children. On February 25, 2005, the jury returned a verdict of guilty on the charges of child molestation and sexual abuse, but were unable to arrive at a verdict on the charge of sexual conduct with a minor. (*Id.*, Ex. C.) The trial court imposed a mitigated 15-year prison sentence, placed Olmos on lifetime probation, and required him to register as a sex offender. (Doc. 40-4, Exs. E, F.)

As detailed in this Court's earlier order concerning Olmos's Petition for Habeas Corpus, Olmos appealed his conviction and sentence, filed four petitions for post-conviction relief, and eventually filed the instant writ of habeas corpus in federal court. (Doc. 78 at 2–3.) Olmos's federal petition asserted fourteen grounds for relief. (Doc. 1.) In his Claim Thirteen, Olmos alleged that the registration requirements of the Sex Offender Registration and Notification Act ("SORNA") violate his First Amendment rights. (Doc. 1 at 24.) Magistrate Judge Bade issued an R&R recommending denial of the Petition and Certificate of Appealability. (Doc. 67.) Olmos timely filed objections to that R&R, and the Court reviewed the Petition de novo. (Doc. 78.) The Court ultimately accepted in part and denied in part Judge Bade's R&R. (*Id.* at 36.) Because it had not been briefed, the Court did not make a merits determination regarding Claim Thirteen. Instead, the Court ordered that the parties file supplemental briefing on the issue, and referred the case back to Magistrate Judge Bade for further consideration. (*Id.* at 34.)

The parties filed their supplemental briefing (Docs. 80, 85, 86) and Magistrate Judge Bade issued a second R&R solely on this claim (Doc. 87). In her R&R, Magistrate Judge Bade recommended dismissal of Claim Thirteen on the grounds that Olmos's First Amendment challenge is not cognizable under 28 U.S.C. § 2254, and thus the Court lacks jurisdiction to hear the claim in that context. (Doc. 87.) Olmos did not file objections to Judge Bade's second R&R, but did file a Motion for Certificate of Appealability. (Doc. 88.) While the Court would typically treat this Motion as timely filed objections, Olmos did not raise any arguments related to Claim Thirteen in his Motion. Thus, the Court is unable to consider the Motion to include any timely filed objections to Magistrate Judge Bade's second R&R. The Court will review the second R&R and will then consider Olmos's Motion.

## Discussion

### I.     Report and Recommendation Regarding Claim Thirteen

Petitioner did not file objections, which relieves the Court of its obligation to review the R&R. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003);

*Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court has nonetheless reviewed the R&R and finds that it is well-taken. The Court agrees that Petitioner's First Amendment challenge to SORNA's registration requirement lacks the necessary nexus to his custody required to confer jurisdiction under 28 U.S.C. § 2254(a).

The Court will accept the R&R and deny Claim Thirteen of the Petition (Doc. 1 at 24), having dismissed the other counts of the Petition in response to Magistrate Judge Bade's first R&R in this case (Doc. 78). *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

**II.     Motion for Certificate of Appealability**

Petitioner moves for a Certificate of Appealability. (Doc. 88.) He seeks to appeal regarding seven issues: (1) whether the Court erred by refusing to accept his supplemental memorandum; (2) whether the Court erred when it ruled he had not overcome the procedural bar on his claim regarding the State's use of peremptory challenges; (3) whether the Court erred in its analysis of Claim Six; (4) whether the Court erred in ruling that SORNA complies with the necessary and proper clause as applied to individuals convicted in state court; (5) whether the Court erred when it denied his motion to stay his mixed petition while he exhausted certain claims in state court; (6) whether the Court erred when it found that SORNA does not violate the Equal Protection Clause; and (7) whether the Court erred when it found Claims One, Two, Four, Five, Eight, Ten, and Fourteen were procedurally barred. (Doc. 88 at 1–2.)

In her first and second R&Rs (Doc. 67 at 30; Doc. 87 at 9), Magistrate Judge Bade recommended that the Certificate of Appealability be denied as the dismissal of the

Petition is justified by a plan procedural bar and because Petitioner has not made a substantial showing of the denial of a constitutional right. The Court agrees. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a Certificate of Appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Therefore,

**IT IS ORDERED** that Magistrate Judge Bade's R&R (Doc. 87) is **accepted**.

**IT IS FURTHER ORDERED** that Claim Thirteen of Petitioner's Petition of Writ of Habeas Corpus (Doc. 1) is **denied and dismissed** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Certificate of Appealability (Doc. 88) is **denied**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 10th of March, 2014.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge